UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

- - - - - - - - - - - - - -

UNITED STATES OF AMERICA,  No.   1:09-CR-215

      Plaintiff,

v.  Hon. Robert Holmes Bell
    United States District Judge

JASON MICHAEL WOOD,

      Defendant.
_____/

## PLEA AGREEMENT

This constitutes the plea agreement between Jason Michael Wood and the United States Attorney's Office for the Western District of Michigan. The terms of the agreement are as follows:

1. **The Defendant Agrees to Plead Guilty.** The Defendant agrees to plead guilty to Count 1 of the Indictment, which charges him with enticing a minor to engage in criminal sexual activity, in violation of Title 18, United States Code, Section 2422(b).

2. **The Defendant Understands the Crime.** In order for the Defendant to be guilty of violating Title 18, United States Code, Section 2422(b), the following must be true:

    a. The Defendant knowingly used a facility or means of interstate commerce;

    b. The Defendant used the facility or means to persuade, induce or entice a minor to engage in sexual activity;

    c. The defendant believed the individual had not attained the age of 18 years; and,

    d.  The sexual activity the defendant attempted to engage in with the individual was a violation of applicable state law.

  The Defendant is pleading guilty because he is guilty of the charge described above.

  3.  <u>The Defendant Understands the Penalty</u>. The statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 2422(b), is the following: a term of imprisonment of not less than 10 years, or up to life; followed by a period of supervised release of not less than five years or up to life; a fine of $250,000, and a mandatory special assessment of $100. The Defendant agrees to pay the special assessment at or before the time of sentencing unless the Defendant affirmatively demonstrates to the Court that he lacks the ability to pay.

  4.  <u>Factual Basis of Guilt</u>. The Defendant and the U.S. Attorney's Office agree and stipulate to the following statement of facts which need not be proven at the time of the plea or sentencing:

    a.  Beginning in 2007 and continuing until September 23, 2008, the Defendant engaged in a series of internet and cellular telephone communications with Minor A, a 15-year old female he met in an internet chat-room. At the time of these conversations, Defendant was located in California, and Minor A was located in Allegan County, Michigan.

    b.  During the conversations described above, Defendant enticed Minor A to engage in sexual activity. Minor A informed Defendant during these conversations that she was 15 years old. Defendant knew and believed that Minor A was in fact 15 years old when he enticed her to engage in sexual activity.

c. On March 24, 2008, Defendant traveled from California to Allegan County, Michigan, where he and Minor A engaged in oral-genital intercourse. At the time, Minor A was 15 years old. Sexual penetration (including oral-genital intercourse) between an adult and a minor at least 13 years but less than 16 years of age constitutes the felony of Third Degree Sexual Criminal Conduct under Michigan Law (MCL § 750.520d(1)(A)).

5. The United States Attorney's Office Agrees.

    a. Dismissal of remaining counts. The U.S. Attorney's Office agrees to move to dismiss the remaining counts of the Indictment at the time of sentencing. The Defendant understands, however, that in determining the sentence the Court may consider the dismissed counts in determining the applicable Sentencing Guidelines range, where the sentence should fall within the applicable guidelines range, and the propriety of any departure from the calculated guidelines range. By this agreement the Defendant does not concede that an increased sentence or an upward departure is, in fact, warranted.

    b. Sentence recommendation. The U.S. Attorney's Office agrees to recommend that the Defendant be sentenced to the mandatory minimum sentence of 10 years imprisonment. The Defendant understands that this recommendation is not binding on the Court, and the Court's potential rejection of the recommendation shall not constitute a basis for withdrawal of the plea.

    c. Acceptance of Responsibility. The U.S. Attorney's Office agrees not to oppose the Defendant's request for a two-level reduction of his offense level for acceptance of responsibility under Section 3E1.1(a) of the Sentencing Guidelines.

However, the U.S. Attorney's Office reserves the right to object to Defendant's request if it subsequently learns of conduct by the Defendant that is inconsistent with the criteria set forth in the Commentary to Section 3E1.1. Should the Court grant a two-level reduction as provided herein, the government will move the Court to grant an additional one-level reduction if the adjusted offense level is 16 or greater pursuant to Section 3E1.1(b).

6. <u>The Sentencing Guidelines</u>. The Defendant understands that, although the United States Sentencing Guidelines (the "Guidelines") are not mandatory, the Court must consult the Guidelines and take them into account when sentencing the Defendant. The Defendant understands that the Court, with the aid of the presentence report, will determine the facts and calculations relevant to sentencing. The Defendant understands that the Defendant and the Defendant's attorney will have the opportunity to review the presentence report and to make objections, suggestions, and recommendations concerning the calculation of the Guideline range and the sentence to be imposed. The Defendant further understands that the Court shall make the final determination of the Guideline range that applies in this case, and may impose a sentence within, above, or below the Guideline range, subject to the statutory maximum and minimum penalties described elsewhere in this Agreement. The Defendant further understands that disagreement with the Guideline range or sentence shall not constitute a basis for withdrawal of the plea.

7. <u>Waiver of Constitutional Rights</u>. By pleading guilty, the Defendant gives up the right to persist in a plea of not guilty and the right to a speedy and public trial by

jury or by the Court. As a result of the Defendant's guilty plea, there will be no trial. At any trial, whether by jury or by the Court, the Defendant would have had the following rights:

    a. The right to the assistance of counsel, including, if the Defendant could not afford an attorney, the right to have the Court appoint an attorney to represent the Defendant.

    b. The right to be presumed innocent and to have the burden of proof placed on the Government to prove the Defendant guilty beyond a reasonable doubt.

    c. The right to confront and cross-examine witnesses against the Defendant.

    d. The right, if the Defendant wished, to testify on the Defendant's own behalf and present evidence in opposition to the charges, including the right to call witnesses and to subpoena those witnesses to testify.

    e. The right not to be compelled to testify, and, if the Defendant chose not to testify or present evidence, to have that choice not be used against the Defendant.

By pleading guilty, the Defendant also gives up any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

    8.    <u>The Court is not a Party to this Agreement</u>.  The Defendant understands that the Court is not a party to this agreement and is under no obligation to accept any recommendation by the U.S. Attorney's Office or the parties regarding the sentence to be imposed. The Defendant further understands that even if the Court ignores such a recommendation or imposes any sentence up to the maximum established by statute,

the Defendant cannot, for that reason, withdraw his guilty plea. The Defendant understands that no one – not the prosecutor, the Defendant's attorney, or the Court – can make a binding prediction or promise regarding the sentence the Defendant will receive, except that it will be within the statutory minimum and maximum.

9. <u>This Agreement is Limited to the Parties</u>. This agreement is limited to the U.S. Attorney's Office for the Western District of Michigan, and cannot bind any other federal, state or local prosecuting, administrative or regulatory authority. This agreement applies only to crimes committed by the Defendant. This agreement does not apply to or preclude any past, present, or future forfeiture or civil actions.

10. <u>Consequences of Breach</u>. If the Defendant breaches any provision of this agreement, including any promise of cooperation, whether before or after sentencing, the United States shall have the right to terminate this agreement, or deny any or all benefits to which the Defendant would otherwise be entitled under the terms of this agreement. In the event that the United States elects to terminate this agreement, the agreement shall be considered null and void, and the parties shall return to the same position they were in prior to the execution of this agreement, as though no agreement ever existed. In such an event, the Defendant shall remain liable for prosecution on all original charges, and the United States shall be free to bring such additional charges as the law and facts warrant. The Defendant further agrees to waive and forever give up his right to raise any claim that such a prosecution is time-barred if the prosecution is brought within one (1) year of the breach that gives rise to the termination of this agreement.

11. <u>This is the Complete Agreement</u>. This agreement has been entered into by both sides freely, knowingly, and voluntarily, and it incorporates the complete understanding between the parties. No other promises have been made, nor may any additional agreements, understandings or conditions be entered into unless in a writing signed by all parties or on the record in open court.

DONALD A. DAVIS
United States Attorney

Date: January 4, 2010

NILS R. KESSLER
Assistant United States Attorney

I have read this agreement and carefully discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. My attorney has advised me of my rights, of possible defenses, of the sentencing provisions, and of the consequences of entering into this agreement. No promises or inducements have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

1/4/10
Date

JASON MICHAEL WOOD
Defendant

I am Jason Michael Wood's attorney. I have carefully discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible defenses, of the sentencing provisions, and of the consequences of entering into this agreement. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

1/4/10
Date

RAYMOND S. KENT
Attorney for Defendant